FILED
 2007 Feb-15 PM 03:00
U.S. DISTRICT COURT
   N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

    PLAINTIFF,

v.                                                    CASE NO. CV-05-J-2373-NW

PRINCE BROTHERS, INC.,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is the plaintiff's motion for summary judgment (doc. 28), to which the defendant has not responded.[1]

The plaintiff's claims arise pursuant to a contractual agency agreement between plaintiff, an underwriter of title insurance policies, and defendant, an issuing agent of plaintiff. Plaintiff seeks to recover sums of money for losses due to defendant's negligence, escrow shortages, and unpaid premiums. Declaration of Terence L. Morris, ¶¶ 3-4. The "Issuing Agency Agreement" states at paragraph 6, "ALLOCATION OF LOSSES" that "In the event that a Loss sustained or incurred for a matter arising under this Agreement resulted or arose from the negligent, willful

---

[1] The only remaining defendant in this case is Prince Brothers, Inc. Individual defendant Larry Prince was dismissed from this action due to his discharge in bankruptcy. Defendant Prince Brothers, Inc., has not responded to the pending motion for summary judgment. In accordance with Exhibit A to the court's Scheduling Order (doc. 14), entered February 2, 2006, the defendant had until February 9, 2007, to respond to the plaintiff's motion for summary judgment.

or reckless conduct of Agent, Agent's employees or any independent contractor relied upon by Agent, then Agent shall reimburse Company for the Loss." Morris Declaration at exhibit 2, "Issuing Agency Agreement," ¶ 6

The plaintiff submitted evidence that it has been damaged by defendant's wrongful behavior in the amounts of (a) $1,019,745.40 due to the defendant's negligence; (b) $318,420.02 due to shortages in defendant's escrow accounts; and (c) $48,000.00 in unpaid premiums.  The defendant has failed to offer any evidence in opposition to these amounts or claims.

> Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  The court finds that no genuine issue of fact remains and that the plaintiff is entitled to a judgment in its favor and against the plaintiff as a matter of law;

It is therefore **ORDERED** by the court that the plaintiff's motion for summary judgment be and hereby is **GRANTED**.  Judgment is entered in the plaintiff's favor in the total amount of $1,386,165.42.

**DONE** and **ORDERED** this the 15th day of February, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE